UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:

Thomas Clay Crews and
Judy Camp Crews,

Debtor.

Case No. 06-10422C-13G

## OPINION AND ORDER

This case came before the court on December 19, 2006, for a confirmation hearing with respect to the plan proposed by the Debtors and for consideration of the Trustee's objection to confirmation of the proposed plan. Stephen D. Ling appeared on behalf of the Debtors and Jennifer R. Harris appeared on behalf of the Trustee.

The Trustee's objection was filed pursuant to section 1325(b) and raises the issue of whether the plan provides that all of the Debtors' projected disposable income will be applied to make payments to unsecured creditors. The basis for the objection is that the Debtors claimed a deduction of $332.00 on line 29 of their B22C as the ownership allowance of the IRS Local Standard for transportation for an automobile that they are not making payments on. Because the Debtors do not have a car payment, the Trustee asserts that the Debtors are not entitled to claim the ownership allowance and that their plan therefore does not commit all of their projected disposable income to the plan as required by section 1325(b)(1)(B).

Under section 1325(b)(2), a Chapter 13 debtor's disposable income means current monthly income less amounts reasonably necessary to be expended for the maintenance and support of the debtor or a dependent of the debtor. Because the Debtors are above median family income Debtors, section 1325(b)(3) is applicable in this case. Section 1325(b)(3) provides that "[a]mounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)...." The use of "shall" in section 1325(b)(3) is mandatory and requires that section 707(b)(2)(A) and (B) be utilized in determining disposable income under section 1325(b)(2). In re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006); In re Barr, 341 B.R. 181 (Bankr. M.D.N.C. 2006).

In In re Prince, No. 06-10328, 2006 WL 3501281 (Bankr. M.D.N.C. Nov. 30, 2006), this court concluded that section 707(b)(2)(A)(ii) does not require that a Chapter 7 debtor have a car payment in order to claim the ownership allowance under the IRS Local Standard for transportation. Because section 1325(b)(3) mandates the use of section 707(b)(2)(A)(ii) in determining disposable income, the court is satisfied that the reasoning set forth in Prince applies with the equal force to a Chapter 13 debtor. Therefore, this court concludes that a Chapter 13 debtor is not required under section 707(b)(2)(A)(ii) to have a car payment in order to claim the ownership allowance under the IRS

Local Standard for transportation as a monthly expense for purposes of computing disposable income under section 1325(b)(2). In re Haley, 06-10775, 2006 WL 2987947 (Bankr. D.N.H. Oct. 18, 2006). See also, In re Farrar-Johnson, 06 B 3089, 2006 WL 2662709 (Sept. 15, 2006). Accordingly, the Trustee's objection shall be overruled and the Debtors' plan confirmed pursuant to a separate order of confirmation.

IT IS SO ORDERED.

This 22nd day of December, 2006

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge